UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re | Chapter 7, No. 05-47415-JBR |
| JOHN HUGHES <br> JANICE HUGHES |  |
| Debtors |  |
| JONATHAN R. GOLDSMITH, TRUSTEE <br> IN BANKRUPTCY OF <br> JOHN HUGHES <br> JANICE HUGHES |  |
| Plaintiff | Adversary Proceeding No. 06-04187 |
| v. |  |
| DISCOVER FINANCIAL SERVICES, LLC |  |
| Defendant |  |

### STIPULATION FOR SETTLEMENT

This Agreement (the "Agreement") is entered into by and between the Plaintiff, Jonathan R. Goldsmith, Chapter 7 Trustee in Bankruptcy of John Hughes and Janice Hughes ("Trustee"), and the Defendant, Discover Financial Services, LLC ("Discover"), in order to memorialize the terms and conditions of the compromise entered into by and between the parties in the above-noted Adversary Proceeding.

### RECITALS

WHEREAS, on September 30, 2005, JOHN HUGHES and JANICE HUGHES filed a voluntary petition under the provisions of Chapter 7 of the Code (the "Case");

WHEREAS, on or about October 3, 2005, JONATHAN R. GOLDSMITH accepted the appointment as Trustee for the above-entitled estate;

WHEREAS, on or about July 5, 2006, the Trustee filed an adversary proceeding against Discover seeking to recover preferential payments pursuant to 11 U.S.C. §547 (the "Adversary Proceeding"); and

WHEREAS, the parties subsequently entered into negotiations and have agreed to settle the Adversary Proceeding and, therefore, wish to memorialize the terms and conditions of their settlement agreement.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein, the parties stipulate and agree as follows:

1. The Trustee contends that the Debtor, John Hughes, caused a payment in the sum of $15,000 to be made to Discover on or about August 25, 2005 ("Preferential Transfer").

2. The Preferential Transfer occurred within 90 days of the commencement of the Case.

3. Discover asserted both an ordinary course defense, as well as, a new value defense in the sum of $145.14

4. The parties have reached an agreement whereby Discover will pay the sum of $13,369.37 to the bankruptcy estate in full and complete satisfaction of any and all claims asserted in the Adversary Proceeding (the "Settlement Amount").

5. The Settlement Amount shall be payable in full in a single lump-sum payment made payable to "Jonathan R. Goldsmith, Chapter 7 Trustee for John and Janice Hughes.

6. The Settlement Amount shall be due and payable, and delivered to the Trustee, within 10 days of the Bankruptcy Court's approval of this Stipulation.

7. This Agreement is intended solely to resolve claims asserted in the Adversary Proceeding and is without prejudice to the rights of the Trustee to object to any proof of claim filed on behalf of Discover.

8. Discover shall be entitled to amend or file a claim for monies paid hereunder, such claim must be filed within thirty (30) days following Discover's execution of this Agreement.

9. By execution hereof, the undersigned on behalf of Discover acknowledges and agrees that he/she has the requisite approvals and authority to enter into this Agreement and to bind Discover.

10. Discover acknowledges that the Trustee's authority to enter into this Agreement is subject to Bankruptcy Court approval.

11. The invalidity or unenforceability of any term, clause or provision of this Agreement shall not affect the validity or unenforceability of any remaining term, clause or provision herein.

12. The United States Bankruptcy Court shall retain jurisdiction for purposes of enforcing and interpreting any term, clause or provision of this Agreement.

13. In the event either party to this Agreement shall have to seek enforcement of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

14. In the event of any ambiguity in the interpretation of this Agreement, each party

thereto shall be deemed to have shared equally in the drafting of this Agreement and, therefore, no term, clause or provision shall be construed against either party as the drafter of this Agreement.

15. This Agreement constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof, and there are no other agreements, representations, or warranties between the parties other than those contained herein.

16. This Agreement may not be changed, altered or modified, and no condition or other performance owed may be waived or excused, except by prior written agreement of the parties.

17. This Agreement shall be governed by the applicable provisions of the Bankruptcy Code.

18. The Trustee shall take all appropriate steps to seek approval of this Agreement by the United States Bankruptcy Court.

                JONATHAN R. GOLDSMITH, TRUSTEE IN
                BANKRUPTCY FOR JOHN HUGHES AND
                JANICE HUGHES

Dated: 7/28/06

                By:___/s/ Jonathan R. Goldsmith__
                JONATHAN R. GOLDSMITH, ESQ.
                (BBO No. 548285)
                1350 Main Street, 10th Floor
                Springfield, MA 01103
                Tel. (413) 747-0700

                DISCOVER FINANCIAL SERVICES LLC

Dated: 7/28/06

                By:___/s/ James Panzarino__